IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KELLY ANN ANGER HART,

    Plaintiff,

v.                                      Civil Action No. 5:16CV32
                                                    (STAMP)
CAROLYN W. COLVIN,
Acting Commissioner
of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND OVERRULING PLAINTIFF'S OBJECTIONS**

I.  Procedural History

The plaintiff, Kelly Ann Anger Hart ("Anger Hart"), filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In the application, Anger Hart alleged disability since December 4, 2011 due to lumbar spinal stenosis, high blood pressure, abnormal cell growth, thyroid disorder, and diabetes mellitus.

The Social Security Administration denied Anger Hart's application initially and on reconsideration. Anger Hart then appeared with counsel at a hearing before an Administrative Law Judge ("ALJ"). At the hearing, Anger Hart testified on her own behalf, as did a vocational expert. The ALJ issued a decision finding that Anger Hart suffered from a severe impairment of

"degenerative disc disease of the lumbar spine, status post L4-L5 laminectomy." ECF No. 9-2 at 15. However, the ALJ found that Anger Hart was not disabled under the Social Security Act but instead found that Anger Hart had a residual functional capacity to perform her past relevant work, at a light exertional level with certain non-exertional restrictions. Thus, Anger Hart's benefits were denied. Anger Hart then timely filed an appeal of the decision to the Appeals Council. The Appeals Council denied Anger Hart's request for review.

Anger Hart then filed a request for judicial review of the ALJ's decision in this Court. The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition under 28 U.S.C. § 636(b)(1)(B). Both parties filed motions for summary judgment. After consideration of those motions, the magistrate judge entered a report recommending that Anger Hart's motion for summary judgment be denied and that the defendant's motion for summary judgement be granted. Anger Hart filed timely objections to the report and recommendation. The defendant then filed a response to Anger Hart's objections stating that the defendant relies on the magistrate judge's reasoning and the defendant's prior briefs.

## II. Applicable Law

Because the plaintiff timely filed objections to the report and recommendation, the magistrate judge's recommendation will be

reviewed de novo as to those findings to which objections were made. 28 U.S.C. § 636(b)(1)(C). As to those findings to which objections were not made, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Anger Hart argues that the ALJ made four errors: (1) that she failed to address contradictory evidence; (2) that she improperly evaluated treating physicians' opinions; (3) that she overly-relied on state-agency consulting physicians' opinions; and (4) that she made various errors in her residual functional capacity determination. Magistrate Judge Seibert concluded that the ALJ did not err in any of those respects. Anger Hart has objected as to each.

### A. Failure to Address Evidence

Anger Hart argues that the ALJ failed to address evidence that she claims contradicts the ALJ's conclusions regarding Anger Hart's ability to ambulate effectively. Specifically, she argues that the ALJ failed to consider treatment notes from Catherine Chua, D.O., regarding her ability to ambulate and that the ALJ ignored portions of Anger Hart's testimony regarding whether she could ambulate effectively. The magistrate judge concluded that the ALJ considered all of Dr. Chua's opinions and treatment notes, and properly considered Anger Hart's testimony. In her objections,

3

Anger Hart argues that the ALJ made her own medical opinion based on the "raw medical data" and ignored Dr. Chua's opinions, that the ALJ's conclusion that she is able to ambulate effectively is contradicted by her finding that Anger Hart's degenerative disc disease status post L4-L5 laminectomy was a severe impairment, and that she otherwise ignored portions of Anger Hart's testimony.

"In reviewing the record for substantial evidence, the Court does not re-weigh conflicting evidence . . . or substitute its own judgment for that of the Commissioner." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ must "always consider the medical opinions in . . . [the] record together with the rest of the relevant evidence . . . receive[d]." 20 C.F.R. § 416.927(b). In evaluating these opinions, the ALJ should consider: (1) "[h]ow long the source has known and how frequently the source has seen the individual;" (2) "[h]ow consistent the opinion is with other evidence;" (3) "[t]he degree to which the source presents relevant evidence to support an opinion;" (4) "[h]ow well the source explains the opinion;" (5) "[w]hether the source has a specialty or area of expertise related to the individual's impairment(s);" and (6) "[a]ny other factors that tend to support or refute the opinion." Id. at 4-5. Further, because the ALJ directly observed the plaintiff's live testimony, her credibility determinations are "to be given great weight." Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir. 1984).

4

First, the ALJ properly considered all of Dr. Chua's opinions and treatment notes. While the ALJ did not comment on the specific treatment notes identified by Anger Hart, the ALJ rejected Dr. Chua's conclusions regarding Anger Hart's ability to ambulate effectively after extensively considering Dr. Chua's medical opinions, treatment history, and other relevant material. The ALJ concluded that Dr. Chua's opinion was not supported by objective medical evidence, was internally inconsistent, and that there was a significant gap in treatment. Second, the ALJ's conclusion that Anger Hart's degenerative disc disease status post L4-L5 laminectomy was a severe impairment is not inconsistent with her finding that Anger Hart could ambulate effectively, as those issues are legally distinct. Third, the ALJ extensively discussed conflicting portions of Anger Hart's testimony, allowing this Court to track the ALJ's reasoning for crediting some portions and discrediting other portions. Accordingly, the ALJ did not ignore any relevant evidence.

B.  Medical Opinions

Second, Anger Hart argues that the ALJ did not give proper weight to the medical opinions of Dr. Chua and Richard Douglas, M.D. Specifically, she argues that the ALJ erred in disregarding Dr. Chua's conclusion that met Anger Heart Listing 1.04C, and that the ALJ did not afford Dr. Chua and Dr. Douglas's opinions proper weight.

5

First, the ALJ correctly disregarded Dr. Chua's conclusion that Anger Hart met Listing 1.04C, as that was a legal conclusion for the ALJ to make. See 20 C.F.R. § 404.1527(d)(2). Second, the ALJ afforded little weight to Dr. Chua and Dr. Douglas's opinions regarding the amount of weight Anger Hart could lift because those conclusions were based on Anger Hart's subjective statements and because they were contradicted by the state-agency consulting physician's RFC assessment. Further, the ALJ concluded that Anger Hart's subjective statements and complaints to the doctors were inconsistent, that Dr. Chua's opinion was inconsistent with her treatment notes, and that Dr. Chua's diagnosis of myotonic dystrophy was contradicted by a consulting neurologist's conclusion that there was no evidence of a myotonic disorder. Accordingly, the ALJ properly considered all of the medical evidence.

C. State-Agency Consulting Physicians' Opinions

Anger Hart argues that the ALJ unreasonably relied on state-agency consulting physicians' opinions because the ALJ provided "boilerplate reasons" for doing so, the ALJ failed to resolve conflicts between the consulting physicians' opinions and Anger Hart's treatment history, the ALJ ignored unidentified treating physicians' opinions, the ALJ unreasonably relied on the consulting physicians' RFC recommendations, and the ALJ reviewed evidence favorable to Anger Hart "under a much stricter microscope." The magistrate judge concluded that the ALJ provided a sufficient

6

explanation for her reliance on the consulting physicians' opinions. Anger Hart objects to this conclusion.

While "the opinion of a doctor who never examined or treated the patient cannot serve to refute the conclusions of the patient's treating physician," <u>Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co.</u>, 32 F.3d 120, 126 (4th Cir. 1994), the ALJ may make credibility determinations and give whatever weight she deems appropriate to the medical opinions in the record. 20 C.F.R. § 404.1527(c)(2). The ALJ gave great weight to the consulting physicians' opinions because they were the most consistent with the rest of the medical evidence. As discussed above, the ALJ fully explained why she discredited Dr. Chua's opinions and why they were given less weight than the consulting physicians' opinions. Further, the ALJ correctly considered Dr. Chua and the consulting physicians' RFC opinions as evidence while making the ultimate RFC determination herself. Finally, Anger Hart provides no examples of the ALJ not treating all evidence with the same level of scrutiny.

D. <u>Residual Functional Capacity</u>

Anger Hart argues that the ALJ erred in finding that she performed light-level work in the past and that she could perform her past relevant work as she actually performed it.

In determining whether an applicant can perform her past relevant work, an ALJ must compare her "residual functional capacity assessment . . . with the physical and mental demands of

7

[the claimant's] past relevant work," and the claimant is not disabled if the claimant "can still do this kind of work." 20 C.F.R. § 404.1520(f). An ALJ may consider evidence regarding whether the claimant has the residual functional capacity to meet the physical and mental demands of the claimant's past relevant work as the claimant "actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b). Thus, a claimant is not disabled if she has the residual functional capacity to perform her past relevant work as she actually performed it or as it is generally performed in the national economy.

The ALJ applied the appropriate standard in concluding that Anger Hart had the residual functional capacity to perform her past relevant work as a fast-food worker as that work is generally performed in the national economy. The ALJ based her findings upon the vocational expert's testimony that Anger Hart's past work as a fast-food worker is classified as light-level work and that, based on hypothetical questions posed by the ALJ, Anger Hart was capable of performing light-level work.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 16) is AFFIRMED and ADOPTED. Accordingly, the defendant's motion for summary judgment (ECF No. 13) is GRANTED, the plaintiff's motion for summary judgment (ECF

No. 11) is DENIED, and the plaintiff's objections to the report and recommendation (ECF No. 17) are OVERRULED. It is further ORDERED that this civil action be STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: November 7, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE